UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN LUIS KILLENS,<br>Petitioner,<br>v.<br>HUNTER ANGLEA, Warden,<br>Respondent. | Case No. 19-cv-02621-DMR (PR)<br><br>**<u>AMENDED</u> ORDER TO SHOW CAUSE** |

Petitioner, a federal prisoner, has filed this habeas petition filed pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner has paid the full filing fee. Dkt. 9. This action has been assigned to the undersigned Magistrate Judge. Dkt. 4.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On May 31, 2019, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 7.

It does not appear from the face of the petition that it is without merit. Good cause appearing, the court hereby issues the following orders:

1. The Clerk of the Court shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, as well as the petition and all attachments thereto upon Respondent and Respondent's attorney, the **<u>Attorney General of the State of California</u>**. The Clerk shall also serve a copy of this Order on Petitioner at Petitioner's current address.

2. Within **twenty-eight (28) days** of the issuance of this Order, Respondent shall complete and file the Magistrate Judge jurisdiction consent form to indicate whether Respondent consents or declines to proceed before the assigned Magistrate Judge. Respondent is free to

withhold consent without adverse consequences. If Respondent consents to a Magistrate Judge's jurisdiction, this case will be handled by the undersigned Magistrate Judge. If Respondent declines, the case will be reassigned to a District Judge. Whether Respondent consents or declines to proceed before the assigned Magistrate Judge, the parties shall abide by the briefing schedule below.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the date this Order is filed, an answer to this petition, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the answer and serve on Petitioner a copy of all exhibits that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, Petitioner shall do so by filing a Traverse with the court and serving it on Respondent within **twenty-eight (28) days** of Petitioner's receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file with this court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files a motion to dismiss, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court and Respondent informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the court has been returned to the

1 court as not deliverable, and (2) the court fails to receive within sixty days of this return a written
2 communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also*
3 *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
4 Petitioner must also serve on Respondent's counsel all communications with the court by mailing
5 a true copy of the document to Respondent's counsel.

6     7. Upon a showing of good cause, requests for a reasonable extension of time will be
7 granted provided they are filed on or before the deadline they seek to extend.

8     IT IS SO ORDERED.

9 Dated: August 12, 2019

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN LUIS KILLENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUNTER ANGLEA,<br><br>　　　　Defendant. | Case No. 4:19-cv-02621-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jordan Luis Killens ID: AX-1192
Sierra Conservation Center
5150 Obyrnes Perry Road
Jamestown, CA 95327

Dated: August 12, 2019

　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　Ivy Lerma Garcia, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　Honorable DONNA M. RYU