UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORDAN LUIS KILLENS,

Petitioner,

v.

HUNTER ANGLEA,

Respondent.

Case No. 19-cv-02621-HSG

**ORDER GRANTING MOTION TO FILE PROBATION OFFICER'S REPORT UNDER SEAL**

Re: Dkt. No. 25

Petitioner, a state prisoner, has filed this habeas petition pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in Monterey County Superior Court. Dkt. No. 1. On August 6, 2019, the Court ordered respondent to show cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Dkt. No. 10. Respondent has filed an answer to the order to show cause and has requested to file under seal all probation officer memoranda, reports, and supplemental reports for petitioner and his codefendant at trial, Richard Ravanesh Singh. Dkt. No. 25. Respondent states that Cal. R. Ct. 8.45-8.47 now provides that personal information in a probation report is now confidential, citing *People v. Connor*, 115 Cal.App.4th 669 (Cal. Ct. App. 2004). *Connor* holds that Cal. Penal Code § 1203.05 renders probation reports, or at least any detailed personal information contained in them, conditionally confidential sixty days after judgment is pronounced or probation granted, whichever is earlier. *Connor*, 115 Cal. App. 4th at 685.

There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a

vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation omitted).

Here, respondent seeks to file under seal all probation officer memoranda, reports, and supplemental reports for petitioner and his co-defendant Singh because these documents contain personal information. Probation reports are "designed to contain highly personal information about the defendant, including his or her arrest record; family background; and employment, military, medical, and psychological histories." *Connor*, 115 Cal. App. 4th at 681. This type of personal information "could become a vehicle for improper purposes" and justifies sealing the exhibits. *Kamakana*, 447 F.3d at 1179. Thus, the Court finds a compelling need for these documents to remain confidential. The Court GRANTS respondent's motion to file Exhibits 15 and 16 to the answer to the order to show cause under seal. Both Exhibits 15 and 16 shall remain under seal until the conclusion of this case and any appellate proceedings. If counsel for respondent does not request that these documents be returned following the conclusion of this case and any appellate proceedings, these documents will be destroyed in conformance with the normal records destruction policy of the United States Courts.

This order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: 11/19/2019

_Haywood S. Gill, Jr._

HAYWOOD S. GILLIAM, JR.
United States District Judge